■ In the Matter of GEORGE FRIEDMAN, Doing Business under the Name of "A-SEVEN EMPLOYMENT AGENCY", Petitioner, against BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent.— The determination of the Commissioner of Licenses insofar as it finds petitioner guilty of the violation charged, is confirmed. However, considering the entire record, it may well be that the punishment imposed is excessive and an abuse of discretion (Civ. Prac. Act, § 1296, subd. 5-a). Petitioner, who has operated his business since 1952, has never heretofore been charged with any violation. The proceeding is remitted to the commissioner for a reconsideration of the order directing a suspension of petitioner's license for 10 days and, as so modified, the determination is unanimously confirmed, without costs. Settle order. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ.

■ In the Matter of ANDREW M. UNDERHILL et al., Individually and as Trustees, Appellants. RADOM & NEIDORFF, INC., et al., Respondents.— This is a proceeding under subdivision 1 of section 4 of the Business and Commercial Rent Laws (L. 1945, chs. 314, 3, as amd.), to fix the fair rental value of premises occupied by tenant respondents in the building owned by landlord appellants. The landlords listed as an expense item during the year in litigation the amount of $1,721.72, under the heading "leasing commissions", which item was disallowed by the trial court. Literally, this sum did not represent leasing commissions, since it consisted of payments made to the managing agent based on rentals paid by statutory tenants. These payments were allegedly made on the same basis as if, instead of holding over by virtue of their statutory tenancies, the statutory tenants had entered into renewal leases and the managing agent had been paid the prevailing commissions for renegotiating such leases. The mere fact that this alleged expense had been mislabeled did not warrant its disallowance. Evidence should have been taken to determine whether or not the charges constituting this item were justified for the

maintenance and operation of the building, and whether they were reasonable. As to the other items in question, we find that they were properly disallowed by the trial court. The order appealed from is therefore unanimously reversed on the law and on the facts and the proceeding remanded to Special Term for the purpose of taking evidence as to the propriety of the "leasing commissions" item of $1,721.72 and the entry of a new final order upon the completion of said hearing. Costs to abide the event. Settle order. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ.